NO. 07-09-0039-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JUNE 3, 2009

_____


JASON E. STEELY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-417068; HONORABLE CECIL G. PURYEAR, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Following a plea of not guilty, Appellant, Jason E. Steely, was convicted by a jury of possession of a controlled substance, a state jail felony. The jury sentenced Appellant to nineteen months in a state jail facility. The clerk's record and reporter's record have both been filed. Appellant's brief was due to be filed on April 16, 2009, but has yet to be filed.

Neither has a motion for extension of time been filed. By letter dated April 29, 2009, this Court notified Appellant's appointed counsel, Kelly Clark, of the defect and explained that failure to file the brief by May 11, 2009, would result in the appeal being abated and the cause remanded to the trial court for further proceedings. *See* Tex. R. App. P. 38.8(b)(2) and (3). Counsel did not respond to the Court's notice nor file Appellant's brief.

Therefore, we now abate this appeal and remand the cause to the trial court for further proceedings pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure. Upon remand, the trial court shall utilize whatever means necessary to determine the following:

1. whether Appellant has been denied effective assistance of counsel given appointed counsel's failure to file a brief;
2. whether Appellant still desires to prosecute this appeal; and, if so
3. whether appointed counsel should be removed and new counsel appointed to pursue this appeal.

Should it be determined that Appellant does want to continue the appeal and the trial court determines Appellant is entitled to new appointed counsel or has retained new counsel, the name, address, telephone number, and state bar number of the newly-appointed or newly-retained counsel shall be provided to the Clerk of this Court. Finally, the trial court shall execute findings of fact, conclusions of law, and any necessary orders it may enter regarding the aforementioned issues and cause its findings, conclusions, and orders, if any, to be included in a supplemental clerk's record. A supplemental reporter's

record of the hearing, if any, shall also be included in the appellate record.  Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record, if any, with the Clerk of this Court by July 15, 2009.

It is so ordered.

Per Curiam

Do not publish.